**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.	Case No. 3:10-cr-23-J-32TEM

TONY DEVAUGHN NELSON
FRANK S. BERNARDINO

_____

**ORDER RE: SEALING**

On October 27, 2010, the Court entered an Order permitting Morris Publishing Group, LLC, d/b/a *The Florida Times Union*, to intervene in this case for the purpose of moving the Court to unseal certain filings. See Order, Doc. 109. Thereafter, the Court directed that the previously sealed motion to suppress and response be unsealed (with very minor redactions), but deferred ruling on the unsealing of other papers. This Order explains why the Court has determined that those other papers should remain under seal.

First, Exhibit B to Nelson's Motion to Suppress is a transcript prepared by the defense of a recorded conversation between Nelson and Lance Young obtained by the government pursuant to a wiretap. Although neither Nelson nor the government objects to this transcript being unsealed,[1] Lance Young does. See Objection, Doc. 121 (and Florida Times-Union response, Doc. 128). The contents of wiretap communications generally remain sealed unless they are disclosed in the course of giving testimony under oath. See 18 U.S.C. § 2517. Thus, with limited exceptions for disclosure to law enforcement agencies and those

---

[1] The government notes that the transcript prepared by Nelson's counsel varies slightly from the government's version of the transcript.

whose conversations have been intercepted,[2] wiretap communications remain beyond the public access unless they are disclosed through testimony during a Court proceeding. See United States v. Dorfman, 690 F.2d 1230, 1232-35 (7th Cir. 1982) (vacating pretrial order to unseal wiretap material submitted in support of response to suppression motion and finding "no evidence" that Congress wanted to create a right of public access to that material, even if non-disclosure curtails the media's First Amendment right of access); see also, United States v. Rosenthal, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing Dorfman with approval and noting that Title III "broadly bans the interception and disclosure of wire or oral communications"). Here, the wiretap communication was filed under seal as an attachment to a motion to suppress, which the Court has now denied. While the Court could speculate as to whether any portion of this particular communication will be admitted during the course of the trial, given the objection to its disclosure by one of the parties to the conversation, the Court finds the transcript should remain under seal at this time.

The second matter to be addressed is the continued sealing of the wiretap applications and Orders themselves,[3] materials which the government argues should remain under seal (Nelson supports their disclosure and Bernardino (who was not a listed target of the wiretap and was not overheard on any intercepted conversations) takes no position). See Docs. 61, 70, 71, 72, 95, 96, 115, 124, 129 and S-8. The applications and Orders

---

[2] See 18 U.S.C. §§ 2517(1), 2517(6), 2517(7), 2518(8)(d).

[3] For purposes of any further review, the documents referenced are the original application, S-1; the Order authorizing the wiretap, S-2; the application for an extension of the wiretap, S-13; and the Order authorizing the extension, S-14, all of which are filed in the sealed case of 3:08-mc-5-J-33TEM.

identify various non-parties who are potentially involved in suspected criminal conduct as well as others whose privacy interests could be implicated by disclosure. Moreover, the extension request incorporates the content of several intercepted conversations, which are to remain under seal as explained above. Additionally, the government has identified an open investigation which could be compromised by disclosure of the extension affidavit and Order.

The wiretap statute permits disclosure of these materials "only upon a showing of good cause." 18 U.S.C. § 2518(8)(b). The Second Circuit recently rejected efforts by the media to access wiretap applications and orders in a high-profile case, finding that only someone who was a party to an intercepted conversation (an "aggrieved person") would be in a position to make the statute's good cause showing necessary to warrant disclosure. In re New York Times Co. to Unseal Wiretap & Search Warrant Materials, 577 F.3d 401 (2d Cir. 2009). See also, United States v. Blagojevich, 662 F.Supp. 2d 998 (N.D. Ill. 2009) (citing Second Circuit's New York Times decision and holding that media was not an "aggrieved party" that could demonstrate good cause to unseal wiretap applications and orders, and further finding that the First Amendment right of access did not attach to wiretap-related materials). Even if the Court were to find that the Times-Union was an aggrieved party, its interests would still have to be balanced against those of the government and the third-parties identified in the applications and Orders. See United States v. Gerena, 869 F.2d 82, 86 (2d Cir. 1989). On this scale, the balance tips in favor of continued sealing.

Likewise, any challenge based on a First Amendment right of access (assuming such right would attach to these documents)[4] would hinge on a showing that disclosure serves a compelling interest. Press-Enterprise Co. v. Superior Court of Cal., 478 U.S. 1, 9 (1986). In this case (unlike many others), Nelson himself supports disclosure of these materials (and Bernardino takes no position), thereby obviating any concern that their right to a fair trial would be unfairly implicated by pre-trial disclosure. Cf. Dorfman, 690 F.2d at 1233 (finding Title III materials could not be released over defendant's objection before trial). Additionally, the government's only specific objections to the disclosure relate to the ongoing investigation referenced in the wiretap extension application and Order thereon. Indeed, much of the content of the original wiretap application was disclosed in Nelson's motion to suppress (which motion the Court ordered unsealed without objection). However, even if the Court permitted the original application and Order to be unsealed, it would only permit a redacted version so as to protect the privacy of persons not already mentioned by name in the publicly filed documents which discuss the wiretap. Rather than undertaking the task of redacting a document whose contents are nearly fully disclosed in the public record already, the Court finds the original application and Order should remain under seal. As to the extension application and Order, for the reasons stated above, the Court finds these must remain under seal in toto unless and until their contents are released at trial.

---

[4] On the facts of this case, such a right would at least arguably attach because the application and Order were the subject of a public suppression hearing and those pleadings (the motion to suppress and response) have now been unsealed without objection.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of January, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Mark B. Devereaux, Esq. (AUSA-Jax)
Mac D. Heavener, III, Esq. (Dep. Chief AUSA-Jax)
Curtis S. Fallgatter, Esq.
Nathan P. Diamond, Esq.
Jose Villalobos, Esq.
George D. Gabel, Jr., Esq.
Timothy J. Conner, Esq.