**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                 Case No. 3:10-cr-23-J-32TEM

TONY DEVAUGHN NELSON
FRANK S. BERNARDINO

<u>**ORDER**</u>

This case is before the Court on Defendants' Renewed Motion for Statement of Particulars (Doc. 218), Motion to Dismiss for Prosecutorial Misconduct (Doc. 221), Motion to Adopt Co-Defendant's, Tony Nelson, Motion to Dismiss (Doc. 222), Notice of Filing Supplemental Authority and Motion for Leave to Seek Additional Relief Based Thereon (Doc. 231), Motion in Limine – Alleged Co-Conspirator Statements (Doc. 235), Motion to Adopt Motion in Limine – Alleged Co-Conspirator Statements (Doc. 239), and the government's responses thereto (Docs. 226, 227, 237, 241).  The Court has determined that no hearing is needed to decide these matters.

The Court will first consider Defendants' Motion to Dismiss for Prosecutorial Misconduct.  (Doc. 221).  Defendants' primary contention is that this is a selective prosecution impermissibly based on Defendant Nelson's race.  "Prosecutors are given broad discretion in deciding against whom to focus limited prosecutorial resources, and a strong 'presumption of regularity supports those decisions.'"  <u>United States v. Smith</u>, 231 F.3d 800, 807 (11th Cir. 2000)(quoting <u>United States v. Armstrong</u>, 517 U.S. 456, 464 (1996)).  To

overcome this presumption, a defendant must show by clear and convincing evidence that "the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." Id. at 808 (quoting Armstrong, 517 U.S. at 465).

"To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." Armstrong, 517 U.S. at 467. The Eleventh Circuit has defined "a 'similarly situated' person for selective prosecution purposes as one who . . . committed the same basic crime in substantially the same manner as the defendant—so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan—and against whom the evidence was as strong or stronger than that against the defendant." Smith, 231 F.3d at 810.

Rather than show selective prosecution based on race, Defendants have instead laid out a theory of defense wherein another person's actions will be compared to those of Nelson to argue that Nelson has not committed a crime. This may prove to be a plausible defense theory; however, it does not provide any basis to dismiss the indictment. Defendants have failed to establish any reason to believe the government's decision to prosecute Defendant Nelson has a racially discriminatory effect and was motivated by a discriminatory purpose.[1]

---

[1] Relying on Wayte v. United States, 470 U.S. 598, 608 n.10 (1985), Defendants argue that they need not show discriminatory purpose since their equal protection claim is based on an "overtly discriminatory classification." (Doc. 221 at 47). Although the Court doubts that Defendants' argument is correct, it need not address this issue because Defendants have also failed to show any discriminatory effect.

2

Defendants' arguments relating to alleged prosecutorial misconduct before the grand jury also do not compel dismissal.  Moreover, although the government's admittedly late disclosure of the Young 302 summary, merely two days before the previously scheduled trial date, is concerning, it provides no basis to dismiss the indictment.[2]

Defendants' remaining motions are due to be denied.[3]

Accordingly, it is hereby

**ORDERED**:

1.	Defendant Nelson's Renewed Motion for Statement of Particulars (Doc. 218) is **DENIED**.

2.	Defendants' Motion to Dismiss for Prosecutorial Misconduct (Doc. 221) is **DENIED**.

3.	Defendant Bernardino's Motion to Adopt Co-Defendant's, Tony Nelson, Motion to Dismiss (Doc. 222) is **GRANTED**.

4.	Defendant Nelson's Notice of Filing Supplemental Authority and Motion for Leave to Seek Additional Relief Based Thereon (Doc. 231) is **GRANTED** to the extent that the Court has considered the motion, but is otherwise **DENIED**.

5.	Defendants' Motion in Limine – Alleged Co-Conspirator Statements (Doc. 235) is **DENIED**.

---

[2] Moreover, by granting Defendants a lengthy continuance, the Court has ameliorated the effects of the late disclosures.  However, the Court reserves the right to address this issue with the government at an appropriate time.

[3] The motions addressing Counts 37-43 of the Indictment remain under advisement and will likely be discussed at the April 20, 2011 hearing.

6. Defendant Bernardino's Motion to Adopt Motion in Limine – Alleged Co-Conspirator Statements (Doc. 239) is **GRANTED**.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of April, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

js.
Copies:

Mark B. Devereaux, Esq. (AUSA-Jax)
Mac D. Heavener, III, Esq. (Dep. Chief AUSA-Jax)
Curtis S. Fallgatter, Esq.
Nathan P. Diamond, Esq.
Jose Villalobos, Esq.
United States Marshal
United States Pretrial Services Office
United States Probation Office
Tony Devaughn Nelson
Frank S. Bernardino
Carol J. Holliman (MJ CRD)